**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HAJIE DRAMMEH, AKA Hadjie Drammeh,<br><br>            Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>            Respondent. | No. 09-71578<br><br>Agency No. A095-598-546<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2013
San Francisco, California

Before: D.W. NELSON, M. SMITH, and IKUTA, Circuit Judges.

Hajie Drammeh, a native and citizen of Sierra Leone, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Substantial evidence supports the BIA's conclusion that Drammeh failed to establish that rebels targeted him on account of a protected ground enumerated in the Immigration and Nationality Act, *see* 8 U.S.C. § 1101(a)(42)(A). He did not introduce any evidence that he was targeted for his political beliefs (including political neutrality), imputed political beliefs, ethnicity, or religious beliefs. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000).

Drammeh is also ineligible for humanitarian asylum, *see* 8 C.F.R. § 1208.13(b)(1)(iii)(A), because he failed to demonstrate past persecution on account of a protected ground. *See id.*; *see also Sowe v. Mukasey*, 538 F.3d 1281, 1287 (9th Cir. 2008).

Finally, substantial evidence supports the agency's denial of CAT relief because Drammeh failed to show that it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Sierra Leone. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). Drammeh did not raise an argument that he was eligible for CAT relief under a theory of "permanent and continuing harm," before the BIA, *see Mohammed v. Gonzales*, 400 F.3d 785, 802 (9th Cir. 2005) (holding that the ineffective performance of petitioner's counsel in failing to introduce evidence of the petitioner's genital

2

mutilation was prejudicial, in part, because petitioner could have argued for CAT relief on the ground that genital mutilation is a permanent and continuing harm). Therefore, we lack jurisdiction to consider this argument. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**